## SCHNEIDER v STETSON

Ohio Appeals, 9th Dist, Lorain Co

No 770. Decided May 8, 1936

Edwin E. Miller, Cleveland, and Henry P. Webber, Lorain, for plaintiff in error.

Stetson & Butler, Elyria, for defendant in error.

**OPINION**

By STEVENS, J.

The claim is here urged by defendant in error that, because the contract between the parties was oral, and pertained to the disposition of an interest in real property, it was unenforceable because within the statute of frauds.

Plaintiff in error concedes the unenforceability of the contract for the reason assigned, but says that, under the doctrine of unjust enrichment, decedent's estate will not be permitted to keep the benefit of the payments made by plaintiff and at the same time fail or refuse to perform the contract under which the payments were made.

The case presented is not unlike those cases involving suits for the recovery upon quantum meruit for services rendered decedents in consideration of promises of decedents to devise certain real estate by will. Upon failure to devise in accordance with the contract, the courts have, almost without exception, allowed recovery, under quantum meruit, of the reasonable value of the services rendered. Similar also would be the situation where, under an oral agreement between A and B for the purchase of real estate, A pays the entire purchase price to B, who thereupon refuses to convey the real estate because the contract was parol, and refuses also to return the purchase money paid. Courts do not tolerate such unjust enrichment, and upon a variety of grounds have held that the money so paid may be recovered.

We hold that the cause of action set forth in this petition is not one for specific performance of the contract, nor one for damages for the breach of the contract, but is an action to recover money paid under the contract, where, without fault upon the part of the plaintiff in error, the estate of decedent, if recovery were denied, would be unjustly enriched.

We have examined numerous authorities in our investigation of the questions presented, and make reference to the following, which have been helpful:

Towsley v Moore, 30 Oh St 184.

Newbold v Michael, 110 Oh St 588.

Walters, Admr. v Heidy, 1 Oh Ap 66.

We are of the opinion that the petition filed herein, augmented by the opening statement, does state a cause of action, and that the trial court erred in directing a verdict for defendant in error. The judgment of that court is therefore reversed and the cause remanded for further proceedings according to law.

Judgment reversed and cause remanded.

FUNK, PJ, and WASHBURN, J, concur in judgment.